Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
JOEL RODRIGUEZ FRANCO, *individually and on*
*behalf of others similarly situated,*

                        *Plaintiff,*

              -against-

TANDOORI NORTH INC. (d/b/a Indigo Indian
Bistro), JOGINDER PAUL and ANIL KUMAR

                    *Defendants.*
---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Joel Rodriguez Franco ("Plaintiff Rodriguez" or "Mr. Rodriguez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Tandoori North Inc. (d/b/a Indigo Indian Bistro) ("Defendant Corporation"), Joginder Paul and Anil Kumar (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

      1.    Plaintiff Rodriguez is a present employee of Defendants Tandoori North Inc. (d/b/a Indigo Indian Bistro), Joginder Paul and Anil Kumar.

      2.    Indigo Indian Bistro is an Indian restaurant owned by Joginder Paul and Anil Kumar located at 283 Columbus Avenue, New York, NY 10023.

3.      Upon information and belief, Defendants Joginder Paul and Anil Kumar serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the Indian restaurant as a joint or unified enterprise.

4.      Plaintiff Rodriguez has worked as a cook, dishwasher, porter, waiter, and ostensibly as a delivery worker at the Indian restaurant located at 283 Columbus Avenue, New York, NY 10023.

5.      However, when ostensibly working as a delivery worker, Plaintiff Rodriguez has been required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cooking, cleaning the entire restaurant, taking out the garbage, dishwashing, and cleaning the vent over the kitchen (hereinafter, "non-delivery, non-tip duties").

6.      Plaintiff Rodriguez regularly has worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he has worked each week.

7.      Rather, Defendants have failed to maintain accurate records of hours worked and have failed to pay Plaintiff Rodriguez appropriately for any hours worked either at the straight rate or overtime compensation for the hours over 40.

8.      Further, Defendants have failed to pay Plaintiff Rodriguez the required "spread of hours" pay for any day in which he has had to work over 10 hours a day.

9.      Defendants have employed and accounted for Plaintiff Rodriguez as a tipped worker in their payroll, but in actuality Plaintiff Rodriguez's duties have required a significant amount of time spent in non-tipped, non-delivery duties.

10.     Regardless, at all times, Defendants have paid Plaintiff Rodriguez and all other delivery workers at a rate that is lower than the required tip-credit rate.

11.     In addition, under state law, Defendants have not been entitled to take a tip credit because Plaintiff Rodriguez's non-tipped duties have exceeded 20% of each workday 12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiff Rodriguez's actual duties in payroll records to avoid paying him at the minimum wage rate, and to enable them to pay Plaintiff Rodriguez at the lower tip-credited rate (which they still have failed to pay), by designating him as a delivery worker instead of a non-tipped employee.

13.     Defendants' conduct has extended beyond Plaintiff Rodriguez to all other similarly situated employees.

14.     At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiff Rodriguez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Rodriguez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6

3

(herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiff Rodriguez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and present employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Rodriguez's State Law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims have occurred in this district, Defendants operate their business in this district, and Plaintiff Rodriguez has been employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Joel Rodriguez Franco ("Plaintiff Rodriguez" or "Mr. Rodriguez") is an adult individual residing in Bronx County, New York.

20.     Plaintiff Rodriguez has been employed by Defendants from approximately 2008 until on or about December 2014 and from approximately May 2015 until on or about the present date.

21.     At all relevant times to this complaint, Plaintiff Rodriguez has been employed by Defendants as a cook, dishwasher, porter and ostensibly as a delivery worker at Indigo Indian Bistro, located at 283 Columbus Avenue, New York, NY 10023.

22.     Plaintiff Rodriguez consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     Defendants own, operate and/or control an Indian restaurant located at 283 Columbus Avenue, New York, NY 10023, under the name of Indigo Indian Bistro, at all times relevant to this complaint.

24.     Upon information and belief, Defendant Tandoori North Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 283 Columbus Avenue, New York, NY 10023.

25.     Defendant Joginder Paul is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26.     Defendant Joginder Paul is sued individually in his capacity as an owner, officer and/or agent of defendant Corporation.

27.     Defendant Joginder Paul possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation, or controlled significant functions of defendant Corporation.

28.     Defendant Joginder Paul determined the wages and compensation of employees, including Plaintiff Rodriguez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

29.     Defendant Anil Kumar is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

30.     Defendant Anil Kumar is sued individually in his capacity as an owner, officer and/or agent of defendant Corporation.

31.     Defendant Anil Kumar possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation, or controlled significant functions of defendant Corporation.

32.     Defendant Anil Kumar determined the wages and compensation of employees, including Plaintiff Rodriguez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

33.     Defendants own, operate and/or control an Indian restaurant located at 283 Columbus Avenue, New York, NY 10023.

34.      Individual Defendants Joginder Paul and Anil Kumar possess operational control over defendant Corporation, possess an ownership interest in defendant Corporation, and control significant functions of defendant Corporation.

35.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36.    Each Defendant has possessed substantial control over Plaintiff Rodriguez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rodriguez, and all similarly situated individuals, referred to herein.

37.    Defendants have jointly employed Plaintiff Rodriguez, and all similarly situated individuals, and are Plaintiff Rodriguez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

38.    In the alternative, Defendants constitute a single employer of Plaintiff Rodriguez and/or similarly situated individuals.

39.    Upon information and belief, Individual Defendants Joginder Paul and Anil Kumar operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating defendant Corporation for their own benefit as the sole or majority shareholders;

(e)    operating defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of their own with defendant Corporation;

(g)    diminishing and/or transferring assets of defendant Corporation to protect their own interests; and

(h)    Other actions evincing a failure to adhere to the corporate form.

40.    At all relevant times, Defendants have been Plaintiff Rodriguez's employers within the meaning of the FLSA and NYLL.

41.    Defendants had the power to hire and fire Plaintiff Rodriguez, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Rodriguez's services.

42.    In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the Indian restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

44.    Plaintiff Rodriguez is a present employee of Defendants, he is employed as a cook, dishwasher, porter and ostensibly as a delivery worker, he has spent more than 20% of each shift performing the non-delivery, non-tip duties outlined above.

45.    Plaintiff Rodriguez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Joel Rodriguez Franco*

46.     Plaintiff Rodriguez has been employed by Defendants from approximately 2008 until on or about December 2014 and from approximately May 2015 until on or about the present date.

47.     At all relevant times, Plaintiff Rodriguez has been employed by Defendants to work as a cook, dishwasher, porter and ostensibly as a delivery worker.

48.     However, when ostensibly employed as a delivery worker, Plaintiff Rodriguez also has been required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

49.     Although Plaintiff Rodriguez ostensibly has been employed as a tipped worker, he has spent more than 20% of his work time performing non-delivery work throughout his employment with Defendants.

50.     Plaintiff Rodriguez has regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a waiter, food runner and ostensibly as a delivery worker.

51.     Plaintiff Rodriguez's work duties have required neither discretion nor independent judgment.

52.     Throughout his employment with Defendants, Plaintiff Rodriguez has regularly worked in excess of 40 hours per week.

53.     From approximately November 2011 until on or about December 2014 and from approximately May 2015 until on or about the present date, Plaintiff Rodriguez has worked from

approximately 11:00 a.m. until on or about 1:00 a.m. six days a week (Typically 78 hours per week).

54.     Throughout his employment with defendants, Plaintiff Rodriguez has been paid his wages in cash.

55.     From approximately November 2011 until on or about December 2014, defendants paid Plaintiff Rodriguez a fixed salary of $350 per week.

56.     From approximately May 2015 until the present date, defendants have paid Plaintiff Rodriguez a fixed salary of $400 per week.

57.     Plaintiff Rodriguez's pay has not varied even when he has been required to stay later or work a longer day than his usual schedule.

58.     In fact, almost every day defendants have required Plaintiff Rodriguez to work an additional one hour past his scheduled departure time to clean the business, and have not compensated him for the additional time they required him to work.

59.     In addition, on several occasions, defendants have been late in paying Plaintiff Rodriguez his weekly wages and tips.

60.     Defendants have never granted Plaintiff Rodriguez a meal break or rest period of any kind.

61.     Plaintiff Rodriguez has not been required to keep track of his time, nor to his knowledge have Defendants utilized any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

62.    Defendants have not provided Plaintiff Rodriguez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

63.    Plaintiff Rodriguez has never been notified by Defendants that his tips are being included as an offset for wages.

64.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Rodriguez's wages.

65.    No notification, either in the form of posted notices, or other means, has ever been given to Plaintiff Rodriguez regarding wages as required under the FLSA and NYLL.

66.    Defendants have not provided Plaintiff Rodriguez with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

67.    Defendants have not given any notice to Plaintiff Rodriguez, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

68.    Defendants have required Plaintiff Rodriguez to purchase "tools of the trade" with his own funds—including dishwashing liquid, a bicycle, one electric bicycle, one pair of rain/snow boots, a chain, a helmet and a vest.

*Defendants' General Employment Practices*

69.    Defendants regularly have required their employees, including Plaintiff Rodriguez, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or Spread of Hours compensation.

70.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Rodriguez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage, spread of hours pay and/or overtime compensation, as required by federal and state laws.

71.     Defendants habitually have required all tipped workers, including Plaintiff Rodriguez, to work additional hours beyond their regular shifts, but have not provided them with any additional compensation.

72.     Defendants' pay practices have resulted in Defendants' tipped workers, including Plaintiff Rodriguez, not receiving payment for all their hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

73.     Defendants have required all tipped workers, including Plaintiff Rodriguez, to perform general non-delivery, non-tipped tasks in addition to their primary duties as tipped workers.

74.     Plaintiff Rodriguez, and all similarly situated employees, ostensibly have been employed as tipped employees by Defendants, although their actual duties have included greater or equal time spent performing non-delivery, non-tipped duties.

75.     Plaintiff Rodriguez and all other delivery workers have not even been paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants are not entitled to a tip credit because the delivery worker's and Plaintiff Rodriguez's non-tipped duties have exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

76.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.    The tipped workers', including Plaintiff Rodriguez's, duties are not incidental to their occupation as delivery workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

78.    In violation of federal and state law as codified above, Defendants have classified Plaintiff Rodriguez and other delivery workers as tipped employees, but have not even paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

79.    Defendants have failed to inform Plaintiff Rodriguez that his tips would be credited towards the payment of the minimum wage.

80.    At no time have Defendants informed Plaintiff Rodriguez that they have reduced his hourly wage by a tip allowance.

81.    Defendants have failed to maintain a record of tips earned by Plaintiff Rodriguez for the deliveries he has made to customers.

82.    Defendants have paid Plaintiff Rodriguez all of his wages in cash.

83.    Defendants willfully have disregarded and purposefully have evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

84.    Defendants also have failed to post required wage and hour posters in the restaurant, and have not provided Plaintiff Rodriguez with statutorily required wage and hour records or

statements of his pay received, in part so as to hide Defendants' violations of the wage and hour

laws, and to take advantage of Plaintiff Rodriguez's relative lack of sophistication in wage and

hour laws.

85.     Upon information and belief, these practices by Defendants are done willfully to

disguise the actual number of hours Plaintiff Rodriguez (and similarly situated individuals) have

worked, and to avoid paying Plaintiff Rodriguez properly for (1) the minimum wage, (2) his full

hours worked, (3) for overtime due and (4) his spread of hours pay.

86.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy

of minimizing labor costs and denying employees compensation by knowingly violating the

FLSA and NYLL.

87.     Defendants' unlawful conduct has been intentional, willful, in bad faith, and has

caused significant damages to Plaintiff Rodriguez and other similarly situated workers.

88.     Defendants have failed to provide Plaintiff Rodriguez and other employees with

wage statements at the time of payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part

of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

rates of pay; the number of regular hours worked, and the number of overtime hours worked, as

required by NYLL §195(3).

89.     Defendants have failed to provide Plaintiff Rodriguez and other employees, at the

time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.    Plaintiff Rodriguez brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Indigo "FLSA Class").

91.    At all relevant times, Plaintiff Rodriguez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA willfully taking improper wage deductions and other improper credits against Plaintiff Rodriguez's wages for which Defendants did not qualify under the FLSA and willfully failing to keep records required by the FLSA.

92.    The claims of Plaintiff Rodriguez stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

93.    Plaintiff Rodriguez repeats and re-alleges all paragraphs above as though fully set forth herein.

94.    At all times relevant to this action, Defendants have been Plaintiff Rodriguez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Rodriguez (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

95.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

96.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

97.    Defendants have failed to pay Plaintiff Rodriguez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

98.    Defendants' failure to pay Plaintiff Rodriguez (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

99.    Plaintiff Rodriguez (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

100.  Plaintiff Rodriguez repeats and re-alleges all paragraphs above as though fully set forth herein.

101.  Defendants, in violation of the FLSA, have failed to pay Plaintiff Rodriguez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

102.  Defendants' failure to pay Plaintiff Rodriguez (and the FLSA Class members) overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

103.  Plaintiff Rodriguez (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)

104.  Plaintiff Rodriguez repeats and re-alleges all paragraphs above as though fully set forth herein.

105.  At all times relevant to this action, Defendants have been Plaintiff Rodriguez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Rodriguez (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

106.  Defendants, in violation of the NYLL, have paid Plaintiff Rodriguez (and the FLSA

17

Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

107.    Defendants' failure to pay Plaintiff Rodriguez (and the FLSA Class members) minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Rodriguez (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAW)**

109.    Plaintiff Rodriguez repeats and re-alleges all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of the NYLL and associated rules and regulations, have failed to pay Plaintiff Rodriguez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

111.     Defendants' failure to pay Plaintiff Rodriguez (and the FLSA Class members) overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Rodriguez (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

113.    Plaintiff Rodriguez repeats and re-alleges all paragraphs above as though fully set forth herein.

114.    Defendants have failed to pay Plaintiff Rodriguez (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Rodriguez's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

115.    Defendants' failure to pay Plaintiff Rodriguez (and the FLSA Class members) an additional hour's pay for each day Plaintiff Rodriguez's (and the FLSA Class members) spread of hours exceeded ten hours is willful within the meaning of New York Lab. Law § 663.

116.    Plaintiff Rodriguez (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

117.    Plaintiff Rodriguez repeats and re-alleges all paragraphs above as though fully set forth herein.

118.    Defendants have failed to provide Plaintiff Rodriguez with a written notice, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

119.    Defendants are liable to Plaintiff Rodriguez in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE**
**NEW YORK LABOR LAW)**

120.    Plaintiff Rodriguez repeats and re-alleges all paragraphs above as though set forth fully herein.

121.    Defendants have  not provided Plaintiff Rodriguez with accurate wage statements upon each payment of wages, as required by NYLL 195(3).

122.    Defendants are liable to Plaintiff Rodriguez in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS**

123.    Plaintiff Rodriguez repeats and re-alleges all paragraphs above as though set forth fully herein.

124.    Defendants have required Plaintiff Rodriguez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

125.    Plaintiff Rodriguez has been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rodriguez respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency

of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rodriguez and the FLSA class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rodriguez and the FLSA class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rodriguez's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSAhave been willful as to Plaintiff Rodriguez and the FLSA class members;

(f)     Awarding Plaintiff Rodriguez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Rodriguez and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and

rules and orders promulgated under, the NYLL as to Plaintiff Rodriguez and the members of the FLSA Class;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rodriguez and the members of the FLSA Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Rodriguez  and the FLSA class members;

(k)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Rodriguez's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law have been willful as to Plaintiff Rodriguez and the FLSA Class members;

(m)     Awarding Plaintiff Rodriguez and the FLSA Class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiff Rodriguez and the FLSA Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Rodriguez and the FLSA Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Rodriguez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Rodriguez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Rodriguez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       November 30, 2017

      MICHAEL FAILLACE & ASSOCIATES, P.C.

      /s/_ Michael Faillace_____
By:   Michael A. Faillace [MF-8436]
     60 East 42nd Street, Suite 4510
     New York, New York 10165
     (212) 317-1200
     *Attorneys for Plaintiff*

23

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 21, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                                   **Joel Rodriguez Franco**

                                                          Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

                                                          21 de noviembre de 2017

Date / Fecha:

*Certified as a minority-owned business in the State of New York*