UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL RODRIGUEZ FRANCO, et al.,

                              Plaintiffs,

        against                                                    CIVIL ACTION NO.: 17 Civ. 9393 (SLC)

                                                                  **AMENDED PRE-TRIAL ORDER**

TANDOORI NORTH INC., D/B/A INDIGO INDIAN
BISTRO, et al.,

                              Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

        Plaintiff's Letter-Motion for an adjournment (ECF No. 78) is GRANTED.  The Pre-Trial Order
at ECF No. 77 is amended as follows.

        IT IS ORDERED that the following procedures shall govern the jury trial in this matter:

1.  Prior to Trial

    a.  The parties shall submit a joint pretrial order in compliance with Section IV.C. of
        this Court's Individual Practices on or before **Thursday, October 15, 2020**.

        The Court's Individual Practices are available at:
        www.nysd.uscourts.gov/hon-sarah-l-cave.

    b.  On or before **Thursday, October 15, 2020**, the parties shall deliver to the Court
        (with a copy to their adversary) a binder or binders containing:

        i.  a listing of that party's proposed exhibits (by number or letter) and,
            following each listed exhibit, a short description of the exhibit, followed by
            a notation indicating whether the other party has made an objection to
            such exhibit and on what basis;

        ii.  a copy of each of the party's proposed exhibits ordered sequentially;

        iii.  following the exhibits, a copy of any deposition testimony the party
            intends to offer in its case in chief (i.e. not for impeachment); and

    iv.  copies of any charts or other demonstrative evidence, if available.  If a document is too bulky to be placed into the binder, it may be submitted separately in an unsealed envelope or redweld marked with the exhibit number, or on a disk.

The parties shall add page numbers to any exhibit of more than 5 pages that does not already contain page numbers.

Note:  No exhibit is in evidence unless it is offered at trial and admitted into evidence by the Court.

2. **In order to provide the described materials by the above due date, the parties must cooperate in the preparation of these materials and <u>their preparation must begin well in advance of the due date</u>**.  In the rare event that a lack of cooperation makes a joint submission impossible, each party is required to submit its own proposals separately on the due date.  The Court will thereafter issue an appropriate sanction to the party or parties that it determines failed to cooperate.

Extensions of the due dates are granted only in instances where there has been an unforeseeable emergency.  The parties are warned that their failure to comply with this order may result in sanctions, including but not limited to dismissal, judgment by default, a monetary sanction, or contempt.

3. Applications for rulings <u>in limine</u> should be contained in the Trial Memorandum discussed in paragraph 1 above.

Should a party's trial memorandum raise an issue that is not addressed in the opposing party's trial memorandum, the opposing party may submit a second memorandum of law in response within 14 days (but in no event later than three business days before the start of trial).

4. <u>Summary of filing procedures</u>:

    a.  The following documents shall be filed on ECF:
        i.  Proposed Joint Pretrial Order, and
        ii.  Trial Memorandum of Law (if any).[1]

    b.  The following items shall be sent to Chambers without filing:

---

[1] If these items are not filed in a text searchable format on ECF, they must be submitted to Chambers in such a format on a CD, or via e-mail to the Chambers inbox at Cave_NYSDChambers@nysd.uscourts.gov.

        i.  The binder described in paragraph 1.b; and

      ii.  copies of any expert witness declarations or affidavits.

5. <u>Conduct of Trial</u>

    a.  Trial will commence on **<u>Tuesday, November 17, 2020</u>**.  On the first day of trial, counsel must arrive at **9:30 am** in Courtroom 18A, 500 Pearl Street.  Plaintiff's first witness on the first trial day must be ready to testify at that time.   On all subsequent days, counsel must arrive at the time directed by the Court.  If at any time an emergency prevents counsel's prompt attendance, counsel should call the courtroom immediately at (212) 805-0109 or Chambers at (212) 805-0214.

    b.  When a party's case commences, that party is expected to have witnesses available <u>to fill the trial day</u> as described in the preceding paragraph.  Counsel are warned that if they do not have a witness available to testify at any point during the trial day, <u>the Court may deem the party to have rested</u>.  Any requests to schedule a witness out of order or for a particular day must be made by a letter application that states the opposing party's position and that is sent (1) prior to trial and (2) as soon as counsel is aware (or should have been aware) of the limited availability of that witness.  Untimely applications will be denied.  Counsel are expected to be diligent in inquiring as to the availability of all witnesses (including expert witnesses) to ensure compliance with this paragraph.

    c.  The Court will accept brief opening statements unless neither party desires to make such a statement.

    d.  Speaking objections are prohibited.  Counsel shall say the word "objection" followed by a brief word or phrase to indicate the nature of the objection (for example, "objection, hearsay" or "objection, Rule 403").  The Court will not normally conduct a sidebar during the trial.  Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court outside the presence of the witness — normally in advance of the witness's testimony.

    e.  Only one counsel may question a particular witness or address the Court with respect to that witness, including making objections to opposing counsel's examination of that witness.  Counsel shall stand either at the lectern or at counsel's table while questioning a witness.  If it is necessary to approach the witness or the bench, counsel shall request permission from the Court to do so.  No witness (or other party) shall be referred to by first name unless that witness is a minor.

    f.   Counsel should make certain that they have custody of all original exhibits.  The Court does not retain them and the Clerk of Court is not responsible for them.

    g.   If a witness needs an interpreter, the party calling such witness must arrange for the presence of a certified simultaneous interpreter.  Similarly, a party needing an interpreter must arrange for the presence of a such an interpreter.

    h.   In the event post-trial briefing is ordered, the parties will be required to give page citations to the transcript for any factual contentions (including, for example, citations to support proposed findings of fact).  The Court warns the parties of this requirement so that they may make appropriate arrangements to order the transcript.  At or prior to the commencement of trial, the parties may inquire of the Court whether the Court will require post-trial briefing

    i.   Post-judgment motions must be made within the time set by the applicable rules.

6.   <u>Final Pre-Trial Conference</u>

    a.   An In-Person Final Pre-Trial Conference is scheduled for **Tuesday, October 27, 2020 at 11:30 am** in Courtroom 18A, 500 Pearl Street, New York, New York.


Dated:      New York, New York
              May 28, 2020

                                    SO ORDERED

                                      _____

                                    **SARAH L. CAVE**
                                    **United States Magistrate Judge**